IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
:
:
: CASE NO. 1:11 CV 1202
STEPHANIE Y. CLOUGH, :
        Petitioner :
: MEMORANDUM OF OPINION
     -vs- : AND ORDER
:
:
:
JAMES V. CIREDDU, *et al.* :
        Respondents.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    *Pro se* Petitioner Doctor Stephanie Y. Clough filed the above-captioned action under 28 U.S.C. § 2241, on behalf of herself and her minor children. She names as Respondents Doctor James V. Cireddu, Lake County Juvenile Court Judge Karen Lawson, Lake County Juvenile Court Magistrate Jeanette Bell, the State of Ohio, and Ohio Eleventh District Court of Appeals Judges Diane V. Grendell, Cynthia Westcott Rice, and Timothy Cannon. Dr. Clough seeks an order staying all pending state court motions and judgments, and requiring the Lake County Juvenile Court to conduct a new trial on the merits of her case.

### I. Background

    On 22 December 2009, a Lake County juvenile court granted legal custody of Dr. Cireddu and Dr. Clough's children to Dr. Cireddu. Further, Dr. Clough was ordered to

pay child support and was given parenting time on alternating weekends and one day during the week.

Dr. Clough filed an appeal of the judgment to the Ohio Eleventh District Court of Appeals on 14 January 2010. Her Motion to Stay Execution of the Judgment pending Appeal was denied. The Court of Appeals issued its decision on 8 November 2010, affirming the trial court's decision on legal custody and parenting time, and reversing the decision concerning the starting date for Dr. Clough to begin paying child support. Dr. Clough attempted to appeal this decision to the Ohio Supreme Court; however, the Court denied certiorari on 2 March 2011. Dr. Clough filed a *pro se* Motion for Reconsideration with the Ohio Supreme Court. That Motion was denied on 4 May 2011.

Dr. Clough has now filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking an order staying all pending state court motions and judgments, and requiring the Lake County Juvenile Court to conduct a new trial on the merits of her case. In support of her Petition, she asserts that she was denied effective assistance of counsel during the custody proceedings, contends that the trial court failed to consider her counsel's inexperience when it issued orders and judgments that were prejudicial to her, objects to the testimony of numerous witnesses, and claims that she was denied due process during the trial on these matters. Finally, Dr. Clough claims the Ohio Eleventh District Court of Appeals failed to conduct a *de novo* review of the facts.

2

## II.  Standard for Dismissal

While *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* under Federal Civil Procedure Rule 12(b)(1) if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

## III.  Law and Analysis

This Court has no jurisdiction over the present action.  A Petition for a Writ of Habeas Corpus under § 2241 is available only to federal prisoners challenging the fact or duration of their confinement.  28 U.S.C. § 2241(c)(1); see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Dr. Clough is not a prisoner, nor is she challenging a criminal conviction or sentence.  Her Petition is based on a judgment giving custody of her minor children to their father.  Federal habeas corpus relief is not available to challenge parental rights or child custody determinations.  Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 511 (1982).

Moreover, to the extent that the Court could liberally construe this as a civil rights action, it would lack subject matter jurisdiction to grant the relief requested.  Dr. Clough is challenging the result of her state court custody decision.  She refers to the Lake County Juvenile Court as "the lower court" and asks this court, effectively, to reverse the state court decisions, stay proceedings, and order a new trial. United States District

Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  Id.

### IV.  Conclusion

Accordingly, this action is dismissed.  Further, the Court certifies that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


/s/ Lesley Wells

LESLEY WELLS
UNITED STATES DISTRICT JUDGE

---

[1]   28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4